UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTHEW BLAIR,

    Plaintiff,

v.                                             CASE NO. 3:14-cv-671-J-39MCR

H & R RESORTS, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Joint Supplement to the Joint Motion to Approve FLSA Resolution and Joint Request for *In Camera* Review of Private Agreement (Doc. 14).

On July 28, 2014, the parties filed their Joint Motion to Approve FLSA Resolution ("Joint Motion") (Doc. 12), seeking court approval of the parties' settlement agreement and dismissal of this action with prejudice. (*Id.*) On July 29, 2014, the Court entered an Order taking the Joint Motion under advisement and directing the parties to file, no later than August 12, 2014, their settlement agreement, Plaintiff's counsel's billing records, and any other evidence the parties wish the Court to consider in support of the fees and costs amount submitted for the Court's approval. (Doc. 13.)

On August 8, 2014, as part of the Joint Supplement, the parties filed Plaintiff's counsel's billing and cost records. (Doc. 14.) Rather than file the

1

settlement agreement on the public docket, the parties request in the Joint Supplement that the Court review the agreement *in camera* based on the following:

> The parties entered into a private and confidential written agreement in which Defendant provided additional valuable consideration to Plaintiff, and they agreed to additional terms and conditions beyond the resolution of Plaintiff's FLSA claim. . . . The parties wish to keep their private, confidential settlement agreement private and confidential, and out of the public record. This fosters the strong public policy of encouraging parties in litigation to reach private agreements, especially those that go beyond the scope of the litigated dispute.

(*Id.* at 3-4.)

However, as previously stated by the District Judges of the Middle District of Florida:

> Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement *in camera*, or reviewing the agreement at a hearing without the agreement's appearing in the record (in any event precluding other employees' and the public's access to, and knowledge of, the agreement) thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010). See also *Bright v. Mental Health Res. Ctr., Inc.*, 3:10-cv-427-J-37TEM, *7-8 (M.D. Fla. Mar. 14, 2012) ("The Court may only disregard the presumption of openness where there is a compelling governmental interest, and may only do so in a manner that is narrowly tailored to protect that interest.").

In addition, Local Rule 1.09 provides that "[n]o settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of non-parties without either the opportunity or ability to protect themselves."  M.D. Fla. R. 1.09(a).

Although it is highly unlikely that the Court will allow sealing of the settlement agreement in any form, the Court will deny the Joint Motion without prejudice to the filing of a motion to seal in accordance with Local Rule 1.09(a), if the parties wish to pursue this course.  Otherwise, the parties shall file a new motion for approval of settlement (attaching the proposed settlement agreement) on the public docket, or indicate that they do not seek settlement approval at this time.

Accordingly, it is **ORDERED**:

1.  The Joint Request for *In Camera* Review of Private Agreement (**Doc. 14**) is **DENIED**.

2.  The Joint Motion (**Doc. 12**) is **DENIED without prejudice** to the filing of a motion to seal in accordance with Local Rule 1.09(a), **no later than September 2, 2014**.  Alternatively, **by that same date**, the parties shall file either a new motion for approval of settlement (attaching the proposed settlement agreement) on the public docket, or a notice that they do not request approval of

settlement at this time and wish to proceed with the case.

**DONE AND ORDERED** at Jacksonville, Florida, on August 11, 2014.

*(signature)*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record